Matter of the Estate of JOSEPH MAGUIRE, Deceased.

(Surrogate's Court, New York County, April, 1919.)

Executors and administrators — Surrogate's Court — when petition for letters of administration based upon a non-ceremonial marriage denied — evidence.

The question of marriage in the Surrogate's Court is always a collateral issue.

Where an alleged widow's petition for letters of administration is based upon a non-ceremonial marriage and upon conflicting evidence there is a doubt as to her status, her application will be denied.

Misc.]    Surrogate's Court, New York County, April, 1919.

PETITION for letters of administration.

Archibald M. Maclay (Sharon Graham, of counsel), for petitioner.

L. B. Treadwell, for James F. Maguire and Wm. Maguire.

Patrick F. Cotter (Leonard F. Fish, of counsel), for " Mrs. Joseph Maguire."

FOWLER, S.    Petition by alleged widow for letters of administration. The next of kin of deceased deny that the petitioner is the widow of deceased. The issue of fact came on for hearing before the surrogate. The testimony offered is voluminous and very conflicting, but it seems to the surrogate that the petitioner has not made a sufficient showing to entitle her to letters. She claims under a marriage, now recognized, after much tergiversation, by the common law. In such a case, in this court, the alleged marriage should be established very clearly to entitle the alleged widow to administer. This is not a court now possessing jurisdiction of matrimonial causes, and the issue of marriage is here always collateral. If there is doubt about the status of the petitioner, a case is not made entitling her to administer.

The increasing tendency to resort to this court in order to establish marriage in a collateral proceeding ought not to be encouraged by too favorable implications.

Non-ceremonial marriages are not edifying; they generally begin in meretricious relations, which are, I think, abhorrent to the well regulated portions of the community. The testimony offered is not generally edifying, and a marriage which ought in a highly civil-

Surrogate's Court, New York County, April, 1919. [Vol. 107.

ized community to be a sacred and durable institution is reduced to the level of mere cohabitation. On the evidence I can see no warrant for the issuance of letters to this petitioner.

Decreed accordingly.